# IN THE UNITED STATES DISTRICT COURT FOR
# MIDDLE DISTRICT OF FLORIDA

**DIWANN MATHIS and MARKETA MATHIS,**
individually and as next friends of their minor
children D.M. and D.M.,

            **Plaintiffs,**

8:25-CV-2949-KKM-CPT
C.A. No. [TO BE ASSIGNED]

    **v.**

**AML SERVICES CORP.,**
a Florida corporation;
**CHRISTOPHE FIORI, ESQ.,** individually and
as managing member of the Law Office of Christophe Fiori, PLLC;
**LAW OFFICE OF CHRISTOPHE FIORI, PLLC,**
a Florida professional limited-liability company; and
**JANE DOE(S) 1–10,**
of presently unknown identity and affiliation,
**JOHN DOE(S) 1-10**
of presently unknown identity and affiliation,

            **Defendant.**

## COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

Plaintiffs, DiWann Mathis and Marketa Mathis, proceeding pro se, file this Complaint against the

above-named Defendants, and allege the following:

## I. JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the laws of the United States,

    including:

    • 42 U.S.C. § 1983 (Deprivation of Rights under Color of Law);

    • 42 U.S.C. § 1985(2)–(3) (Civil Conspiracy); and

1



the Fair Housing Act, 42 U.S.C. § 3601 et seq. (Discrimination and Retaliation in Housing).

2. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal-question) and 28 U.S.C. § 1343 (civil-rights enforcement).

3. Venue is proper in the Middle District of Florida, Tampa Division, under 28 U.S.C. § 1391(b), because all events giving rise to this action occurred in Hillsborough County, Florida, within this judicial district.

## II. PARTIES

4. Plaintiffs DiWann Mathis and Marketa Mathis are husband and wife, tenants formerly residing at 4015 Pine Street, Seffner, Florida 33584. They are U.S. citizens who suffered injury within this district.

5. Defendant AML Services Corp. ("AML") is a Florida corporation engaged in residential leasing and property management, with its principal offices in Hillsborough County, Florida.

6. Defendant Alain Lopez is a principal, agent, or manager of AML Services Corp. and acted within the scope of his employment at all times relevant.

7. Defendant Christophe Fiori, Esq., and The Law Offices of Christophe Fiori, PLLC, are engaged in the practice of law in Tampa, Florida, and represented AML Services Corp. in the underlying state eviction matter.

8. Defendants John and Jane Does 1–3 are unknown affiliates, employees, or court

2

personnel within the Thirteenth Judicial Circuit who participated in, facilitated, or conspired in the wrongful actions described herein, including unauthorized filings and docket manipulation.

## III. FACTUAL BACKGROUND

1. Plaintiffs DiWann Mathis and Marketa Mathis are tenants residing at 4015 Pine Street, Seffner, Florida, under a written lease with Defendant AML Services Corp., executed in 2025.

2. On or about September 1, 2025, AML's maintenance agent, acting under the supervision of Defendant Alain Lopez, arrived at the property to perform purported septic-tank maintenance. While on site, the worker pumped raw sewage directly into the backyard, creating an immediate public-health hazard.

3. Concerned about unsanitary conditions and possible environmental violations, Plaintiffs recorded the incident using their personal devices. The maintenance worker, upon realizing he was being filmed, attempted to conceal his face and redirect the discharge hose, further evidencing his awareness of wrongdoing.

4. The recording constituted protected activity—lawful documentation of environmental and lease violations occurring on private leased property.

5. In the days immediately following the septic-tank incident, Plaintiffs submitted two written work-order requests to AML Services Corp. for rainwater intrusion and insect infestation caused by a large gap beneath the rear door. These requests were summarily denied without inspection or explanation. The denial of these legitimate repair requests

3

signaled the beginning of AML's retaliatory posture and disregard for statutory habitability obligations.

6. Within two weeks of the recording and repair denials, on September 16, 2025, AML Services Corp., through Lopez and counsel Christophe Fiori, Esq., filed an eviction complaint in Hillsborough County Court alleging non-payment of September rent.

7. At the time of filing, the Mathis family had already paid the full September rent. No refund or reversal was ever made by AML, and Defendants knew their allegations were false.

8. On October 3, 2025, Plaintiff DiWann Mathis personally visited Mr. Fiori's office to deliver the Answer and Affirmative Defenses, advising him that rent had been paid and that AML's maintenance worker had been recorded discharging sewage into the yard.

9. Fiori acknowledged the discussion and appeared open to resolution. At his request, on October 8, 2025, Plaintiffs hand-delivered a Comprehensive Settlement Proposal containing photographs, video evidence, and a written offer to resolve the matter amicably.

10. Instead of responding in good faith, Fiori filed an Immediate Motion for Default Judgment on October 10, 2025, alleging lack of rent-payment proof—despite knowing the claim was false and retaliatory.

11. On October 18, 2025, Plaintiffs emailed a formal Notice of Intent to File Counterclaim and Counsel's Conduct Letter to Attorney Fiori at approximately 9:35 a.m. The correspondence cited ethical violations under the Florida Rules of Professional Conduct and placed counsel on notice of potential counterclaims for environmental contamination,

breach of habitability, and abuse of process.

12. Roughly two hours later, around 12:00 p.m. on October 18, 2025, Plaintiffs began receiving a series of JAWS filing-alert emails showing new submissions in their case—on a Saturday, when the Clerk's Office was closed. These alerts referenced filings not yet visible on the official docket.

13. At approximately 12:40 p.m. on October 18, 2025, the presiding judge electronically issued a digitally signed Default Final Judgment for Possession, citing "failure to pay October rent" as its basis—a claim never pleaded in the original complaint.

14. The following Monday, October 20, 2025, that same order was entered into the official docket bearing the judge's handwritten signature, effectively ratifying and back-dating the prior electronic issuance. This dual-signature sequence strongly indicates irregular docket activity and retroactive validation of a judgment created outside normal filing hours.

15. The suspicious timing of the digital issuance, the weekend JAWS activity, and the later manual docket entry demonstrate collusive conduct between opposing counsel and court personnel, depriving Plaintiffs of due process and fair hearing.

16. On October 20, 2025, the trial court also entered an Order Denying Motion to Stay, again relying on the erroneous "October rent" rationale.

17. On October 21, 2025, Plaintiffs filed a Notice of Appeal to the Second District Court of Appeal (Case No. 2D2025-2813). That same evening, the trial court improperly issued its own "Stay Order," purporting to grant relief already requested from the appellate court—thus exceeding its jurisdiction.

18. On October 22, 2025, the court entered another order asserting that the "stay was already

5

granted," further clouding the record and suggesting retroactive justification for unauthorized action.

19. Since that date, anomalies have persisted in the court record, including:

   • Missing or altered docket entries;

   • Unauthorized deposits into the court registry; and

   • Weekend JAWS submissions lacking corresponding docket filings.

20. These acts form a pattern of collusive judicial misconduct and abuse of process, retaliating against Plaintiffs for their protected activity of documenting and reporting unlawful conduct.

21. The Default Judgment for Possession remains active on Plaintiffs' credit history, hindering their ability to obtain housing and causing continuing financial and emotional harm.


## IV. CAUSES OF ACTION

## COUNT I – DEPRIVATION OF RIGHTS UNDER COLOR OF LAW (42 U.S.C. § 1983) (Against Defendants Christophe Fiori, Esq., AML Services Corp., Alain Lopez, and John/Jane Does 1–3)

1. Plaintiffs re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 21 of this Complaint as though fully set forth herein.

2. At all relevant times, Defendants acted individually and in concert, under color of state law, to deprive Plaintiffs of rights secured by the Fourteenth Amendment to the United States Constitution, including the rights to due process of law, equal protection, and fair access to the courts.

3. Defendant Christophe Fiori, Esq., in his role as an officer of the court, acted jointly with state judicial personnel and the Clerk of Court to procure an unlawful default judgment through means that violated procedural safeguards and exceeded the court's lawful jurisdiction.

4. Defendant AML Services Corp., through its agents, knowingly instigated and participated in those unlawful proceedings, filing an eviction complaint based upon false assertions of unpaid rent while in possession of evidence proving full payment.

5. Defendant Alain Lopez, as AML's managing agent, supervised the maintenance employee whose illegal septic discharge triggered the dispute and thereafter directed or approved retaliatory acts designed to punish Plaintiffs for documenting and reporting those violations.

6. Defendants John and Jane Does 1–3, believed to be affiliates of the Thirteenth Judicial Circuit Clerk's Office or court administration, facilitated or enabled improper JAWS filings and docket manipulation outside normal business hours on October 18, 2025, which directly resulted in the issuance of an invalid default judgment.

7. Defendants' coordinated actions—issuing a digitally signed order on a Saturday followed by a hand-signed entry on Monday, altering docket activity, and denying motions without jurisdiction—constituted a deprivation of due process and demonstrated joint participation between private and judicial actors.

8. These actions were taken under color of law, and their combined effect deprived Plaintiffs of notice, opportunity to be heard, and meaningful appellate review.

7

9. As a direct and proximate result of Defendants' conduct, Plaintiffs suffered:

- Loss of their lawful tenancy and housing stability;

- Emotional distress and anxiety;

- Harm to creditworthiness and reputation; and

- Financial losses associated with relocation and ongoing litigation.

10. Defendants' conduct was willful, malicious, and in reckless disregard of Plaintiffs' constitutional rights, justifying an award of compensatory and punitive damages pursuant to 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

a. Enter judgment against Defendants jointly and severally;

b. Declare that Defendants' conduct violated Plaintiffs' rights under the U.S. Constitution and 42 U.S.C. § 1983;

c. Award compensatory and punitive damages in an amount to be determined at trial;

d. Award costs and any other relief deemed just and proper by this Court.


**COUNT II – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS**

**(42 U.S.C. § 1985(2) – (3)) (Against Defendants Christophe Fiori, Esq.; AML Services Corp.; Alain Lopez; and John/Jane Does 1–3)**

1. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 10 of Count I and all preceding paragraphs of this Complaint as though fully set forth herein.

2. Beginning on or about September 1, 2025, and continuing through the present, Defendants knowingly combined, conspired, and agreed—both among themselves and

8

with persons acting under color of state law—to injure, intimidate, and retaliate against Plaintiffs for exercising protected rights to petition the courts and to seek redress for unlawful housing and environmental conditions.

3. The object of this conspiracy was to deprive Plaintiffs of their lawful tenancy and to suppress evidence of AML's illegal sewage-dumping by orchestrating a fraudulent eviction proceeding under color of law.

4. To achieve this objective, Defendant Fiori, acting in his capacity as an officer of the court, coordinated with Defendant Lopez and other AML agents to misuse court process by filing false pleadings alleging non-payment of rent known to have been paid in full.

5. Following Plaintiffs' protected recording of the septic-tank incident and their submission of work-order and settlement correspondence, Defendants entered into an agreement to retaliate through judicial abuse and procedural manipulation.

6. On October 18, 2025, after Fiori received Plaintiffs' morning email warning of impending ethical and civil claims, the record shows a series of JAWS electronic submissions occurring midday Saturday—outside court hours—resulting in the issuance of a digitally signed Default Final Judgment for Possession.

7. Those actions could not have occurred without assistance from court staff or administrative personnel (Defendants John and Jane Does 1–3) with access to the JAWS system and the judge's electronic signature credentials.

8. The subsequent hand-signed entry of the same order on October 20, 2025, confirms that the initial digital issuance was retroactively validated to give the appearance of legitimacy, demonstrating overt acts in furtherance of the conspiracy.

9

9. Additional overt acts include:

   a. Refusal to consider Plaintiffs' pending motions to strike and to dismiss;

   b. Denial of Plaintiffs' motion to stay based on the wrong rental month (October instead of September);

   c. Subsequent issuance of a duplicate stay order after Plaintiffs filed a Notice of Appeal, thereby overstepping jurisdiction; and

   d. Removal or alteration of docket entries corresponding to key filings (e.g., the October 10 Motion for Default and Plaintiffs' settlement submission).

10. These concerted actions were taken to obstruct the due course of justice in a state court proceeding and to deprive Plaintiffs, as a family previously experiencing housing instability, of the equal protection and due process guaranteed by law.

11. Defendants' conduct constitutes a violation of 42 U.S.C. § 1985(2) – (3) because it was motivated by animus toward Plaintiffs as a vulnerable household who asserted their legal rights, and was intended to deter and punish them for exercising those rights.

12. As a direct and proximate result of the conspiracy, Plaintiffs suffered and continue to suffer severe emotional distress, economic loss, damage to reputation and credit, and the loss of their constitutional and statutory protections in housing and judicial proceedings.

13. Defendants' acts were malicious, willful, and in reckless disregard of Plaintiffs' rights, warranting punitive damages and other appropriate relief.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

a. Enter judgment in their favor against all Defendants jointly and severally;

10

b. Declare that Defendants' conduct constitutes a conspiracy to interfere with civil rights under

42 U.S.C. § 1985(2) – (3);

c. Award compensatory and punitive damages in an amount to be determined at trial;

d. Award costs, fees, and such other relief as the Court deems just and equitable.


## COUNT III – ABUSE OF PROCESS AND MALICIOUS PROSECUTION

**(Pursuant to Florida Common Law and 42 U.S.C. § 1983) (Against Defendants AML Services Corp.; Alain Lopez; Christophe Fiori, Esq.; and The Law Offices of Christophe Fiori, PLLC)**

1. Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

2. Defendants, acting individually and in concert, willfully and maliciously misused judicial process for purposes other than those for which the law was designed—specifically, to harass, intimidate, and retaliate against Plaintiffs for documenting unlawful and unsanitary maintenance practices at their residence.

3. On September 16, 2025, Defendants AML Services Corp. and Alain Lopez, through counsel Christophe Fiori, Esq., filed an eviction complaint in the County Civil Division of the Thirteenth Judicial Circuit alleging non-payment of September rent.

   • At the time of filing, Defendants knew this allegation was false because they had received and retained the full September rent payment.

   • No refund or returned payment ever occurred, and Defendants failed to attach any proof to the contrary.

11

·

4. The purpose of filing this action was not to seek a lawful remedy but to coerce Plaintiffs' removal from the property in retaliation for the September 1, 2025 septic-tank recording and for Plaintiffs' subsequent demands for repairs and remediation.

5. On October 3, 2025, Plaintiff DiWann Mathis personally met with Fiori, delivered the Answer and Affirmative Defenses, and advised him that the rent had been paid and that AML's employee had been recorded engaging in unlawful sewage disposal.

   • Despite this direct notice, Defendants continued to prosecute the false eviction action.

6. On October 8, 2025, Plaintiffs delivered a Comprehensive Settlement Proposal supported by photographic and video evidence, offering to resolve all matters amicably.

   • Instead of engaging in settlement, Fiori immediately filed a Motion for Default Judgment on October 10, 2025, knowingly relying on misstatements of fact and omitting Plaintiffs' responsive filings.

7. On October 18, 2025, within hours after Plaintiffs emailed a formal notice to Fiori outlining his ethical violations, Defendants coordinated or benefited from a series of Saturday JAWS filings culminating in the issuance of a digitally signed Default Final Judgment for Possession—an action that could not lawfully occur outside normal court hours.

8. On October 20, 2025, that same order appeared on the docket with the judge's handwritten signature, evidencing retroactive entry and deliberate ratification of an order created ex parte.

12

9. The sequence of these filings, and the absence of contemporaneous docket entries, show that Defendants intentionally abused court mechanisms to secure possession of the property without due process.

10. Defendants' misuse of process continued after judgment:

a. by opposing Plaintiffs' pending motions without responding to the merits;

b. by submitting irregular registry payments post-appeal in an attempt to cure fatal procedural defects; and

c. by engaging in ex parte or collusive communications with court personnel to influence outcomes.

11. The underlying eviction was terminated in Plaintiffs' favor insofar as the trial court subsequently issued a stay acknowledging procedural irregularities and the appellate process remains pending.

12. The entire proceeding lacked probable cause and was motivated by malice, retaliation, and intent to conceal AML's prior environmental misconduct.

13. As a direct and proximate result of Defendants' abuse of process and malicious prosecution, Plaintiffs suffered:

- Emotional and psychological distress;

- Damage to credit and rental reputation due to the recorded default judgment;

- Financial losses including relocation costs, legal expenses, and lost opportunities; and

- Continuing harm to their dignity and right to fair judicial treatment.

14. Defendants' actions constitute both state-law torts (abuse of process and malicious

13

prosecution) and federal constitutional violations actionable under 42 U.S.C. § 1983, because the misuse of state judicial machinery was undertaken in joint participation with persons acting under color of law.

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Enter judgment in their favor and against Defendants jointly and severally;

b. Declare that Defendants' actions constituted abuse of process and malicious prosecution in violation of Florida law and 42 U.S.C. § 1983;

c. Award compensatory and punitive damages;

d. Order expungement or correction of any court or credit records reflecting the unlawful judgment; and

e. Grant such other and further relief as this Court deems just and proper.


## COUNT IV – RETALIATION AND DISCRIMINATION IN HOUSING

**(Fair Housing Act, 42 U.S.C. § 3617)(Against Defendants AML Services Corp.; Alain Lopez; and Christophe Fiori, Esq.)**

1. Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

2. Section 818 of the Fair Housing Act, 42 U.S.C. § 3617, makes it unlawful to "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of their having exercised or enjoyed, any right granted or protected by" the Act.

3. Plaintiffs, a family with minor children (D.M. and D.M.), were entitled to full and equal use and enjoyment of their dwelling at 4015 Pine Street, Seffner, Florida 33584, leased from Defendant AML Services Corp.

4. On or about September 1, 2025, Plaintiffs lawfully recorded an AML maintenance worker engaged in the illegal discharge of raw sewage from the home's septic tank into the backyard and adjacent property.

   a. The recording constituted a protected act under federal and state law: it sought to preserve evidence of a health-code violation that affected the habitability of the dwelling.

   b. Immediately after realizing he was being recorded, the worker attempted to hide his face among tree branches and abandoned the area.

5. Following that incident, Plaintiffs submitted two written maintenance requests seeking repair of a back-door gap that allowed water and insects into the home.

   a. Both requests were ignored or denied by AML Services Corp., evidencing hostility toward the tenants after the recording.

6. Less than two weeks later, on September 16, 2025, Defendants AML and Lopez—through counsel Fiori—filed a false eviction complaint alleging non-payment of September rent, despite full payment having been made and retained.

7. The filing was not based on any genuine rental dispute; rather, it was retaliation for Plaintiffs' exercise of their lawful right to document and report unsafe sanitary conditions.

8. Defendant Fiori, acting as AML's attorney, knowingly advanced this false claim and later sought a default judgment after personally receiving proof of payment and photographic evidence of the unlawful septic discharge.

9. Defendants' conduct constitutes interference and retaliation within the meaning of 42 U.S.C. § 3617, as it was intended to punish Plaintiffs for asserting their rights and to deter

15

them—and others similarly situated—from engaging in protected activity.

10. The retaliation occurred within a broader pattern of discriminatory treatment:

   a. Defendants knew Plaintiffs were a vulnerable family recently displaced and struggling
   to secure stable housing;

   b. Despite this, Defendants chose to harass and remove them instead of correcting the
   dangerous condition; and

   c. The eviction process was used as a weapon to silence, intimidate, and displace a family
   exercising rights under the Fair Housing Act.

11. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered:

   - Emotional and psychological distress;

   - Loss of stable housing and community ties;

   - Damage to credit and rental history; and

   - Financial losses from moving expenses and ongoing litigation.

12. Defendants' acts were intentional, willful, and in reckless disregard of Plaintiffs' federally
   protected rights, warranting punitive damages under 42 U.S.C. § 3613(c)(1).

**WHEREFORE,** Plaintiffs respectfully request that this Court:

a. Enter judgment against Defendants jointly and severally;

b. Declare that Defendants violated 42 U.S.C. § 3617 by retaliating and interfering with
Plaintiffs' housing rights;

c. Award compensatory and punitive damages;

d. Issue injunctive relief prohibiting further retaliation or interference; and

e. Grant such other and further relief as the Court deems just and proper.

**COUNT V – FRAUDULENT MISREPRESENTATION AND CIVIL RICO VIOLATIONS (18 U.S.C. §§ 1962(c), 1962(d), and 1964(c))**

**(Against Defendants AML Services Corp.; Alain Lopez; Christophe Fiori, Esq.; The Law Firm of Christophe Fiori, PLLC; and John/Jane Does 1–3)**

1. Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

2. This count arises from a continuing pattern of racketeering activity involving the use of interstate electronic communications, mail transmissions, and court-filing systems to further a scheme of fraud, extortion, and deprivation of civil rights.

3. At all relevant times, Defendants collectively constituted an enterprise within the meaning of 18 U.S.C. § 1961(4), consisting of AML Services Corp., its agent Alain Lopez, attorney Christophe Fiori, his law firm, and unknown John/Jane Doe collaborators with access to the Thirteenth Judicial Circuit's internal filing systems.

4. The enterprise engaged in and affected interstate commerce by:

   a. Using Florida's JAWS electronic filing portal—an interstate network transmitting through out-of-state servers;

   b. Mailing and emailing court pleadings, notices, and settlement communications across state lines; and

   c. Receiving and transmitting rent payments through federally insured financial institutions.

5. Defendants devised and executed a scheme to defraud and extort Plaintiffs by:

   a. Filing an eviction complaint falsely alleging non-payment of rent despite full payment having been made and retained;

b. Knowingly submitting fraudulent affidavits and pleadings to obtain a default judgment under false pretenses;

c. Exploiting Plaintiffs' vulnerable position as a family recently displaced and struggling to secure stable housing;

d. Concealing and back-dating judicial orders to maintain leverage during appellate review; and

e. Attempting to coerce Plaintiffs to vacate or pay additional sums under threat of wrongful dispossession.

6. Each JAWS filing, electronic transmission, and mailed pleading made in furtherance of this fraudulent eviction constitutes a separate predicate act of wire or mail fraud under 18 U.S.C. §§ 1341 and 1343.

7. The predicate acts include but are not limited to:

a. October 10, 2025 – Filing of an Immediate Motion for Default Judgment through JAWS despite direct notice that rent had been paid;

b. October 18, 2025 – Submission and issuance of a digitally signed default order on a Saturday, outside normal court hours, transmitted via interstate servers;

c. October 20, 2025 – Filing of a hand-signed duplicate order on the official docket to retroactively legitimize the fraudulent Saturday order; and

d. Multiple email communications to Plaintiffs and to the Clerk's office reinforcing false representations of non-payment.

8. These acts demonstrate a pattern of racketeering activity within the meaning of 18 U.S.C.

§ 1961(5), involving at least two predicate acts within a ten-year period and sharing the common purpose of obtaining money or property through deception and abuse of process.

9. Defendants' conduct also constitutes a conspiracy to violate RICO under 18 U.S.C. § 1962(d), as each knowingly agreed to participate in and facilitate the enterprise's unlawful objectives.

10. As a direct and proximate result of the enterprise's actions, Plaintiffs sustained injury to property and business interests, including:

- Unlawful loss of their leasehold and dwelling;

- Harm to credit and rental standing;

- Costs of legal defense and filings to vacate fraudulent orders; and

- Emotional and economic harm resulting from intimidation and displacement.

11. Defendants acted with deliberate intent and reckless disregard for Plaintiffs' rights, warranting treble damages under 18 U.S.C. § 1964(c).

**WHEREFORE**, Plaintiffs respectfully request that this Court:

a. Enter judgment in their favor and against all Defendants jointly and severally;

b. Declare that Defendants' conduct violated 18 U.S.C. §§ 1962(c) and (d);

c. Award treble damages pursuant to 18 U.S.C. § 1964(c);

d. Award reasonable attorney's fees and costs; and

e. Grant such other and further relief as this Court deems just and proper.

19

**COUNT VI – DECLARATORY AND INJUNCTIVE RELIEF**
**(28 U.S.C. §§ 2201, 2202; Fed. R. Civ. P. 65)**

**(Against All Defendants)**

1. Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this Complaint as though fully set forth herein.

2. An actual, substantial controversy exists between Plaintiffs and Defendants regarding the legality of Defendants' conduct, the validity of the eviction proceedings, and the continuing effects of the fraudulent default judgment and related filings that remain on record and on Plaintiffs' credit reports.

3. Plaintiffs contend that the judgment and related docket entries were obtained through unlawful means, including false pleadings, ex parte communications, and abuse of court filing systems, all in violation of constitutional, statutory, and common-law rights.

4. The existence of these orders and filings continues to cause ongoing harm to Plaintiffs' creditworthiness, ability to secure new housing, and reputation, and thus represents an active and continuing injury warranting equitable intervention.

5. Plaintiffs seek a declaration pursuant to 28 U.S.C. § 2201 that:

   a. The eviction action prosecuted by AML Services Corp., through Fiori and Lopez, constituted retaliation and abuse of judicial process;

   b. The Default Judgment for Possession entered on or about October 18–20, 2025 was obtained through unlawful and fraudulent means;

   c. The subsequent issuance of a "stay" order after the filing of the Notice of Appeal was void for lack of jurisdiction; and

   d. Defendants' coordinated conduct violated Plaintiffs' rights under the U.S. Constitution,

20

the Fair Housing Act, and federal civil-rights laws.

6. Plaintiffs further seek an injunction under 28 U.S.C. § 2202 and Fed. R. Civ. P. 65 to:

   a. Prohibit Defendants from engaging in any further eviction, collection, or retaliatory conduct relating to the subject property;

   b. Require the removal or correction of any court or public record reflecting the fraudulent judgment for possession;

   c. Direct Defendants and any affiliated court personnel to preserve all electronic communications, JAWS access logs, and digital order metadata relevant to the proceedings;

   d. Prevent any destruction or alteration of docket materials or filings related to this case; and

   e. Maintain the status quo pending full adjudication of this action.

7. Plaintiffs have no adequate remedy at law. Monetary damages alone cannot repair the continuing reputational and procedural harms stemming from Defendants' acts; equitable relief is necessary to prevent further injustice and protect Plaintiffs' rights.

8. The balance of equities and the public interest both favor granting such relief, as the requested injunction serves to preserve judicial integrity and deter misuse of state-court processes to oppress vulnerable litigants.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

a. Declare the rights and obligations of the parties consistent with the foregoing;

b. Issue preliminary and permanent injunctive relief as detailed above;

c. Order expungement or correction of any related default judgments or docket entries;

21

d. Award Plaintiffs their costs and such further equitable relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs DiWann Mathis and Marketa Mathis, individually and on behalf of their minor children D.M. and D.M., respectfully request that this Honorable Court enter judgment in their favor and against all Defendants—AML Services Corp., Alain Lopez, Christophe Fiori, Esq., The Law Firm of Christophe Fiori, PLLC, and John/Jane Does 1–3— jointly and severally, and grant the following relief:

1. **Declaratory Relief**

   - Declaring that Defendants' conduct violated Plaintiffs' rights under the U.S. Constitution, 42 U.S.C. §§ 1983, 1985, and 3617, and applicable Florida law;

   - Declaring that the Default Judgment for Possession entered in Hillsborough County Case No. 25-CC-040428 was obtained through unlawful and fraudulent means and is therefore void ab initio; and

   - Declaring that any subsequent stay or procedural filings entered after the Notice of Appeal were void for lack of jurisdiction.

2. **Injunctive Relief**

   - Enjoining Defendants from pursuing, enforcing, or benefitting from the unlawful judgment or any further eviction actions based on it;

   - Ordering the expungement or correction of any docket entries or public records that reflect the fraudulent judgment;

22

- Requiring Defendants and any associated court personnel to preserve all digital evidence, including JAWS access logs, electronic order data, and court communication records; and

- Prohibiting any retaliatory or harassing conduct against Plaintiffs in connection with this matter or related housing proceedings.

**3. Compensatory and Special Damages**

- For the loss of use and enjoyment of Plaintiffs' dwelling;

- For the financial costs of defending against the wrongful eviction and securing replacement housing;

- For the harm to Plaintiffs' credit, reputation, and emotional well-being; and

- For all other economic losses caused by Defendants' conduct.

**4. Punitive and Treble Damages**

- Awarding punitive damages for Defendants' willful, malicious, and reckless disregard of Plaintiffs' constitutional and statutory rights;

- Awarding treble damages pursuant to 18 U.S.C. § 1964(c) (Civil RICO) for injuries to Plaintiffs' property and business interests.

**5. Attorneys' Fees and Costs**

- Awarding reasonable attorneys' fees and litigation costs under 42 U.S.C. §§ 1988 and 3613(c)(2), and 18 U.S.C. § 1964(c).

**6. Other Relief**

- Granting such further and additional relief as this Court deems just, proper, and

23

- equitable in the interests of justice.


Respectfully Submitted
/s/ *DiWann Mathis*
DiWann Mathis
Pro Se Litigant
4015 Pine Street
Seffner, Florida 33584
Email: mathisadlitem@gmail.com

Dated: October 30, 2025


Respectfully Submitted
/s/ *Marketa Mathis*
Marketa Mathis
Pro Se Litigant
4015 Pine Street
Seffner, Florida 33584
Email: mathisadlitem@gmail.com

Dated: October 30, 2025