**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DIWANN MATHIS,

      Plaintiff,

v.

                                       Case No. 8:25-cv-2949-KKM-CPT

CHRISTOPHER FIORI and
LAW OFFICE OF CHRISTOPHER
FIORI, PLLC,

      Defendant.

---

## <u>ORDER</u>

On February 2, 2026, the remaining plaintiff, DiWann Mathis, who is proceeding pro se, filed his second amended complaint. 2d Am. Compl. (Doc. 12). Upon review, the Court finds the second amended complaint constitutes an impermissible shotgun pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1324 (11th Cir. 2015). Specifically, each count improperly realleges all preceding paragraphs, leading to a situation where counts II through VII contain irrelevant factual allegations and legal conclusions. *See id.* at 1321 ("The most common type [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all

that came before and the last count to be a combination of the entire complaint.").

The Court notes that the second amended complaint also suffers from the following pleading deficiencies. All alleged predicate acts for the RICO claim in Count I are insufficient. *See Thomas v. Bartholomew*, No. 23-13683, 2025 WL 1179583, at *10 (11th Cir. Apr. 23, 2025) (per curiam) (holding that emailing a court filing that allegedly contained false information did not constitute wire fraud (citing *United States v. Pendergraft*, 297 F.3d 1198, 1209 (11th Cir. 2002) (holding that, absent intent to deceive the victim, "mailing of litigation documents, even perjurious ones, did not violate the mail-fraud statute"))); *see also Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088 n.2 (11th Cir. 2004) (per curiam). In Counts III and VII, the allegations that the private defendants acted under color of state law by acting jointly with a state judge are inadequate. The supporting facts are vague and conclusory, *see* 2d Am. Compl. ¶¶ 190-194, and do not establish coordination or a conspiracy between the defendants and the judge. *See Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam) ("The naked assertion of a conspiracy between a state judge and private defendants without supporting operative facts provides an insufficient state action nexus for a section 1983 action."). Count IV does not sufficiently allege the exercise by the plaintiff of a right contained in

Sections 3603–3606 of the Fair Housing Act. *See Sofarelli v. Pinellas Cnty.*, 931 F.2d 718, 722 n.2 (11th Cir. 1991).

More fundamentally problematic, Counts V and VI, citing 18 U.S.C. § 1512 and 18 U.S.C § 1503, are predicated on non-existent private rights of action. *See Love v. Delta Air Lines*, 310 F.3d 1347, 1352–53 (11th Cir. 2002) (explaining that criminal statutes do not provide for private civil causes of action); *Smith v. JP Morgan Chase*, 837 F. App'x 769, 770 (11th Cir. 2021) (per curiam) ("[C]riminal statutes do not provide for private civil causes of action, so it follows that [the plaintiff's] Title 18 allegations are also without merit because those criminal statutes do not provide for private causes of action.").

If Mathis chooses to file an amended complaint and assert such claims, it would be prudent to address the other deficiencies in addition to the shotgun pleading issues.

Accordingly, it is **ORDERED**:

1. The Second Amended Complaint (Doc. 12) is **DISMISSED**.

2. Mathis is granted leave to amend his complaint no later than **February 18, 2026**. Should he fail to timely file a third amended complaint, or file another shotgun pleading, this action will be dismissed without prejudice without further notice.

3. Because Mathis, as the sole remaining plaintiff, paid the filing fee, the Motions to Proceed In Forma Pauperis (Docs. 2, 3) and the Motion for Service by U.S. Marshal (Doc. 5) are **DENIED as moot**.

4. Mathis's Motion to Stay (Doc. 8) is **DENIED without prejudice**.

5. This action began on October 30, 2025, with the filing of the original complaint. *See* Compl. (Doc. 1). Mathis has not served any defendants to date. He must file proof of service of the defendants no later than **February 25, 2026**. Failure to do so will result in dismissal of any defendants who remain unserved.

**ORDERED** in Tampa, Florida, on February 4, 2026.

Kathryn Kimball Mizelle
United States District Judge

4